UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Susan Wilkinson and Michael Wilkinson,   Civil No. 07-2678 (PAM/JSM)

Plaintiffs,

v.   **MEMORANDUM AND ORDER**

The Ordway Group, LLC, Raymond Gottwalt
Conrad Smith, Carole Smith, Kyle Smith,
Countrywide Home Loans, Morris, Carlson &
Hoelscher, P.A., and Prestige Solutions, LLC,

Defendants.

---

This matter is before the Court on Motions for Summary Judgment and Declaratory Relief filed by Defendants Conrad Smith and Carole Smith ("the Smiths"). For the reasons that follow, the Court grants the Motions.

**BACKGROUND**

After the Hopkins, Minnesota home of Plaintiffs Susan and Michael Wilkinson ("Wilkinsons") fell into foreclosure, Defendant Raymond Gottwalt, an agent of Defendant Ordway Group, LLC, offered a contract for deed as means for the Wilkinsons "to save their home." (Compl. ¶¶ 12-14.) On April 19, 2005, as part of a "foreclosure reconveyance" transaction authorized and governed by Minn. Stat. §§ 325N.10-.18, the Wilkinsons transferred the home's title to the Smiths, who were Ordway Group investors. The Smiths then reconveyed an interest to the Wilkinsons via contract for deed. The contract required the Wilkinsons to pay the Smiths $3,711.93 a month for principal and interest, insurance, taxes, and a "management fee."

When the Wilkinsons could not make a November 2006 balloon payment, they and

the Smiths executed a sixth-month extension effective November 1, 2006, to April 1, 2007. (Gottwalt Aff. Ex. K.)  The agreement contained clauses that the parties "[e]xpressly acknowledge that the Contract for Deed and the extension are not an equitable mortgage," "[e]xpressly acknowledge that neither party intends to bring a claim against one another" but that "[t]he right of Contract for Deed cancellation is not included," and "[h]ereby release any existing claims by both parties." (Id.)  The extension stated that "[b]oth parties are advised to seek legal counsel pertaining to this agreement." (Id.)

The Wilkinsons, again apparently unable to make the balloon payment pursuant to the extension agreement, filed a Complaint in Hennepin County on May 16, 2007, alleging that they were "unsophisticated at real estate matters and real estate finance" and that Defendants "strip[ped] Plaintiffs of their equity." (Compl. ¶¶ 2, 21.)  The Wilkinsons sought monetary damages and a declaration that the Defendant had violated various Minnesota statutes. Specifically, as relevant to these Motions, the Wilkinsons alleged that the Smiths' interest in the house arose from an equitable mortgage, and that the Smiths violated the foreclosure reconveyance statutory scheme and were liable for "aiding and abetting breach of fiduciary duty," "conspiracy to commit fraud," and unjust enrichment.

On May 22, 2007, the Smiths served the Wilkinsons with a notice to cancel the contract for deed pursuant to Minn. Stat. § 559.21, which addresses contract-for-deed defaults.  The Wilkinsons did not seek to enjoin the contract-for-deed termination proceedings as authorized by Minn. Stat. § 559.211.  On June 8, 2007, all Defendants except Morris, Carlson & Hoelscher, PA, and Countrywide Home Loans filed a Notice of Removal

pursuant to 28 U.S.C. §§ 1441 and 1446.[1] The Smiths then filed this Motion for Summary Judgment and Declaratory Relief, seeking dismissal with prejudice and a declaration that the Smiths are entitled to possess the home. No other Defendant joined in the Motions.[2]

## DISCUSSION

### A.   Summary Judgment

#### 1.   Standard of Review

Summary judgment is proper when the evidence viewed in a light most favorable to the nonmoving party demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, only disputes of facts that might affect the outcome of the

---

[1] According to the Complaint, Morris, Carlson & Hoelscher, PA handled the title transaction and Countrywide Home Loans provided a loan that permitted the Smiths to purchase the Wilkinsons' property. Although these Defendants answered the Complaint after the Notice of Removal was filed, they did not consent to the removal as generally is required in actions against multiple defendants. See Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002). However, the lack of consent is not a jurisdictional defect. Id.; Miller v. Principal Life Ins. Co., 189 F. Supp. 2d 254, 258 n.4 (E.D. Pa. 2002) ("failure of all defendants to consent to removal is a waivable defect and does not in any way deprive [the] court of subject matter jurisdiction"). Because the non-consenting Defendants answered the Complaint in this Court and then appeared at the Motions hearing, the Court concludes that the defect in removal is waived.

[2] According to the Complaint, Defendant Kyle Smith is the Smiths' son and an Ordway Group owner. Defendant Prestige Solutions, LLC's alleged role is unclear. The non-moving Defendants are variously accused under causes of actions that the Wilkinsons assert against the Smiths, as well as for (1) violation of Minn. Stat. §§ 325N.01-.09, a "foreclosure consultant" statute; (2) violation of Minnesota's consumer fraud and unfair and deceptive trade practices statutes; (3) breach of fiduciary duty; (4) negligent misrepresentation; (5) misrepresentation by omission; (6) fraud; (7) negligence; and (8) violation of the Fair Debt Collections Practices Act.

suit under the governing substantive law will preclude summary judgment. Id. The moving party bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to all inferences that may be reasonably drawn from the underlying facts in the record. Meriwether v. Caraustar Packaging Co., 326 F.3d 990, 992-93 (8th Cir. 2003). The nonmoving party may not merely rest upon allegations or denials in its pleadings—it must set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256.

**2.      Merits**

There is no dispute that on November 25, 2006, the Wilkinsons signed the contract-for-deed extension containing provisions that the parties "release any existing claims" and do not intend to brings claims against one another, and that the reconveyance arrangement was "not an equitable mortgage." The Smiths assert that this language bars all claims against them as a matter of law. The Wilkinsons' position is that any release or waiver is void and unenforceable pursuant to Minn. Stat. § 325N.15, which states that "[a]ny waiver of the [foreclosure reconveyance statutory provisions] is void and unenforceable as contrary to public policy." Further, they contend that they signed the extension agreement under duress and without assistance of counsel who could have explained an equitable mortgage.

The provisions in the extension are classic examples of clearly written contractual language that is enforceable because it is supported by consideration and evinces a bargained-for exchange. See Somora v. Marriott Corp., 812 F. Supp. 917, 921 (D. Minn.

1993) (Doty, J.) (stating that under Minnesota law court must presume that parties to release "intend what is expressed in a signed writing," and that writing's clarity is among relevant criteria); Deli v. Hasselmo, 542 N.W.2d 649, 656 (Minn. Ct. App. 1996) (defining consideration). The contract-for-deed extension is a valid contract, and the Wilkinsons provide no authority indicating that § 325N.15 applies to invalidate such an extension. The contract permitted the Wilkinsons to stay in their home while they attempted to find the means to make the balloon payment, and as part of the quid pro quo the Smiths received assurances that the Wilkinsons would not sue them or claim an equitable mortgage. The Wilkinsons enjoyed the benefit of the bargain, and now the Smiths are entitled to theirs.

Moreover, the contract's language urging that "[b]oth parties are advised to seek legal counsel" negates the Wilkinsons' arguments that no one urged them to consult a lawyer, and their claims of duress are without merit because "the limitation of alternatives imposed by one's own financial problems does not constitute duress." Bond v. Charlson, 374 N.W.2d 423, 428 (Minn. 1985)  Because there is no genuine issue of material fact regarding the contract-for-deed extension's validity, the Wilkinsons' claims against the Smiths fail as a matter of law. Accordingly, the Court concludes that the Smiths are entitled to summary judgment on and dismissal of all claims against them.

**B.    Declaratory Relief**

With no claims against them remaining, the Smiths seek a declaration pursuant to 28 U.S.C. § 2201 that they are entitled to possess the Wilkinsons' home. Although neither party

addresses whether § 2201 jurisdiction is proper in this real property dispute, the Court assumes jurisdiction because the case presents an "actual controversy" within the meaning of the Declaratory Judgments Act. Specifically, with the parties actively litigating who is entitled to possess certain real property, there is a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Caldwell v. Gurley Refining Co., 755 F.2d 645, 647, 649-50 (8th Cir. 1985) (affirming § 2201 jurisdiction in lessor-lessee dispute) (internal quotations and citations omitted).

The Wilkinsons generally assert that the Court should stay foreclosure proceedings under the foreclosure reconveyance statutory scheme—specifically Minn. Stat. § 325N.18, subd. 6, which states that a court hearing an eviction action "must issue an automatic stay" in certain circumstances. The Smiths, meanwhile, argue that the Wilkinsons are not entitled to a stay because they failed to seek relief under Minnesota statutes governing contracts for deed—specifically, Minn. Stat. § 559.211, which authorizes a court to enjoin contract termination proceedings "any time prior to the effective date of termination of the contract." According to the Smiths, because the Wilkinsons did not seek an injunction within 60 days of being served with the termination notice, the Court has grounds to issue a declaration stating that the Smiths are entitled to possess the Wilkinsons' home.

The Wilkinsons generally equate the Smiths' Motions with an eviction proceeding, which "must be flexible enough to effectuate justice." (Pls.' Supp. Mem. at 7.) However, this is not an eviction proceeding. Even if it were and even if § 325.18, subd. 6 were

applicable,[3] no stay can be automatic where the Minnesota Court of Appeals has "[d]ecline[d] to adopt a universal requirement that eviction proceedings be stayed whenever a claim is asserted under chapter 325N." Real Estate Equity Strategies, LLC v. Jones, 720 N.W.2d 352, 360 (Minn. Ct. App. 2006). The court endorses case-by-case inquiries. Id.

In this case, the Wilkinsons have not explained why they did not seek to enjoin contract-for-deed termination proceedings pursuant to Minn. Stat. § 559.211, subd. 1. Further, neither party relies on the contract for deed's language, which contemplates that in this circumstance the Wilkinsons are legally obligated to surrender possession to the Smiths. (See Gottwalt Aff. Ex. F ¶ 17 ("[a]fter service of notice of default and failure to cure such default within the period allowed by law, Purchaser shall, upon demand, surrender possession of the Property to Seller").)

Based on this language, relevant statutes, the parties' arguments, the record, and in the interests of justice and judicial economy, the Court concludes that the Smiths are entitled to a declaration that the Wilkinsons are legally obligated to surrender possession of the property. See, e.g., Gilbert, Segall, & Young v. Bank of Montreal, 785 F. Supp. 453, 463 (S.D.N.Y. 1992) (issuing declaratory judgment involving lease because "it will serve a useful purpose in clarifying and settling the legal relations in issue as there will be no need for future litigation").

---

[3] The Governor signed Minn. Stat. 325N.18, subd. 6 into law on May 21, 2007, five days after the Wilkinsons commenced this action. See Act of May 21, 2007, ch. 106, § 10, 2007 Minn. Laws 630, 641, 647.

**CONCLUSION**

There is no dispute that in exchange for receiving six more months to secure financing and to remain in their home, the Wilkinsons agreed not to pursue an action against the Smiths involving their foreclosure reconveyance arrangement. The Smiths are entitled to the benefit their bargain—dismissal of claims against them. Further, under these circumstances, the Smiths are entitled to a declaration that the Wilkinsons are legally obligated to surrender their home's possession to the Smiths. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Motions for Summary Judgment and Declaratory Relief by Defendants Conrad Smith and Carole Smith (Docket No. 9) are **GRANTED**;

2. All claims asserted against the Smiths are **DISMISSED with prejudice**; and

3. The Court **DECLARES** that the Wilkinsons are legally obligated to surrender to the Smiths possession of property described in the Warranty Deed and Contract for Deed that are part of the record (see Gottwalt Aff. Exs. E-F).

Dated: October 12, 2007

                                                           s/ Paul A. Magnuson
                                                           Paul A. Magnuson
                                                           United States District Court Judge